Pendleton, President,
delivered the resolution of the judges as follows:
It was the intention of the court, when they wished to hear counsel on the equity disclosed in the defendant’s answer, to be informed of the nature of the suit now depending in the court of chancery, its progress and present state; how far it would have been proper for that court to have suspended this, until the other was ready, that both might have been heard together: And whether this court could properly take notice of the other suit upon this appeal?
It was supposed that, in case of a cross bill, both causes were to be heard together, that one decree might settle the whole dispute, as is done in cases of other suits between different parties claiming the same property, which will be heard together, to avoid decrees that might clash with each other.
The counsel informs, however, that the modern practice is not to suspend the hearing of the original bill until the cross suit is ready; but to proceed, upon the original bill, to a decree, and to suspend that, until the hearing of the cross bill.
Long withdrawn from the practice, we are unacquainted with that of the day in this respect; and have no reason to doubt of its being as stated, although we do not discern, that the chancellor would have power to alter his decree upon the original bill, if he should discover cause for it on hearing the cross cause.
*361 After all, it seems a discretionary power in that court, to be exercised as circumstances shall require for the ment of justice; and when a plaintiff in the cross bill practised delay in preparing his suit for a hearing, that would be a just cause for proceeding to hear the original bill.
In the present case, that court possessed the means of information upon the subject, as it had all the papers in both causes before it, which we have not. We therefore presume that the chancellor exercised his discretion properly, and affirm the decree.